UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ZULAY ELIANA VALENZUELA
VALLE,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.
_____/

Case No. 1:26-cv-663

Honorable Paul L. Maloney

## ORDER

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) This matter is now before the Court on Petitioner's motion to enforce the judgment (ECF No. 13). For the following reasons, the Court will grant Petitioner's motion.

### Discussion

### I.    Procedural History

By opinion and judgment entered March 12, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus, concluding that Respondents had violated Petitioner's due process rights and directing Respondents to:

> provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody . . . [and to]

> within six business days of the date of this judgment, Respondents shall file a status report with the Court to certify compliance with the Court's opinion and judgment.

> The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

(J., ECF No. 10, PageID.139–140.)

Under Rule 6 of the Federal Rule of Civil Procedure, the fifth business day after March 12, 2026, was March 19, 2026. On March 20, 2026, Respondents filed a status report indicating that a custody redetermination hearing was held on March 18, 2026, at which time the immigration judge denied Petitioner's request for bond. (ECF No. 11, PageID.141; Immigration Judge Order, ECF No. 11-1, PageID.143.)

On March 30, 2026, Petitioner filed a motion to enforce judgment, stating that she was not given the required 24-hour notice before the hearing and that the facility did not provide her with the documents sent to her by her attorney, precluding her from using the documents at the hearing and participating in a meaningful way. (ECF No. 13, PageID.146.)

The Court issued an order to show cause on April 2, 2026, directing Respondents to show cause in writing why Petitioner should not be released for Respondents failure to provide Petitioner with the notice required by this Court's judgment or the failure to provide Petitioner with the documents sent to her by her attorney to allow her to participate in a meaningful way. (Ord., ECF No. 14.) Respondents filed their response on April 5, 2026. (ECF No. 15.)

## II.    Relevant Factual Background

The Executive Office for Immigration Review (EOIR) scheduled Petitioner's bond hearing for March 18, 2026, at 9:00 a.m. (Notice of Hearing, ECF No. 15-1, PageID.162.) On or about March 13, 2026, EOIR served a Notice of Custody Redetermination Hearing on Petitioner's attorney despite Counsel's express indication that she was not representing Petitioner in custody and bond proceedings. (*Id.*; Notice of Entry of Appearance, ECF No. 15-2, PageID.164.)

Petitioner states that she did not receive "the required 24-hour notice before the hearing." (Motion to Enforce, ECF No. 13, PageID.146.) She also states that North Lake Processing Center had documents sent to Petitioner by her attorney but would not provide them to Petitioner in advance of the hearing. (*Id.*)

Respondents state they are unable to provide the Court with any documents or information that would confirm that the Notice of Hearing was properly served upon Petitioner in advance of the March 18, 2026, bond hearing. (*See* Resp., ECF No. 15, generally.) Respondents have not addressed the issue concerning Petitioner's documents. (*See id.*)

## III.    Discussion

Based upon the Court's review of the briefs filed by the parties and the evidence presented, the Court finds that the Government did not comply with the Court's March 12, 2026, judgment.

Accordingly,

**IT IS ORDERED** that, Respondents shall release Petitioner from detention, subject, as applicable, to an order of supervision.

**IT IS FURTHER ORDERED** that Respondents are enjoined from re-detaining Petitioner absent a material change in circumstances unless the requirements of due process have been satisfied.

**IT IS FURTHER ORDERED** that as soon as practicable but no later than 48 hours after the entry of this Order, Respondents shall file a status report with the Court to certify compliance with the Court's order.

Dated:    April 9, 2026                           /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                            United States District Judge

3